LAMOILLE,<br>
August,<br>
1839.

Stevens<br>
v.<br>
Eden Meeting<br>
House So-<br>
ciety.

---

EDMUND CLARK *v.* LUTHER KIDDER & WILLIAM H. ISAACS.

A jail bond, executed after commitment, but bearing a date prior to the commitment, is not, on that account, invalid.

Such bond may be declared upon without stating the date, but if the date be stated, it must be truly stated.

Held,—that a person, acting as deputy jailer, by the consent of the sheriff, but having given no bond for the faithful discharge of the duties of deputy jailer, or without being appointed to such office at his own solicitation or for his own benefit, is not thereby rendered incompetent to testify to the execution of a bond taken by him for the liberties of the prison.

DEBT, upon a jail bond, in three counts. Plea, *non est factum.*

LAMOILLE,
*August,*
1839.

Clark
*v.*
Kidder &
Isaacs.

In the first count, the bond is described as having been dated, executed and delivered on the 30th of June, 1834.

In the second and third counts, the bond is described as having been dated on the 30th of June, 1824, but executed and delivered on the 30th of June, 1834, after the commitment of the judgment debtor.

Upon the trial in the county court, in support of the second and third counts, the plaintiff offered the bond in evidence, the date of which was June 30, 1824. The defendant objected to the admission of the bond, but the court overruled the objection.

The plaintiff then called one Killam, who witnessed said bond, to prove its execution. The witness was objected to by the defendants, on the ground of interest, and, being questioned, he testified that he was acting as deputy jailer at the time when the bond was executed; that he took the bond, the sheriff not being present, and that he did not, for that year, execute any bond or other security to the sheriff, relating to the office of deputy jailer. This objection was also overruled by the court and the witness was admitted to testify. A verdict and judgment passed for the plaintiff and the defendants excepted to the decision of the county court, above stated.

*Maeck & Smalley*, for defendants, contended that when the question arises whether an agent has been guilty of some tortious act, or some negligence in executing the business of his principal, and the agent would be responsible to the principal for such act or negligence, he is not competent as a witness, and cited 3 Stark. Ev. 1732, 1 Camp. R. 251, and 8 Taunt. 454; and they insisted that this rule of law should govern this case; that Killam acted as the agent of the sheriff in taking the bond, and, if the plaintiff failed to recover in this action, he could recover of the sheriff for an escape, in which event Killam, in consequence of his negligence, would be responsible to the sheriff.

*Cooper & Redfield*, for plaintiff.

1. The bond was properly admitted as evidence, because it took effect from delivery.

2. Killam had no interest in the question which could exclude him from testifying. The judgment in this case could not be given in evidence against the sheriff.

LAMOILLE,
August,
1839.

Clark
v.
Kidder &
Isaacs.

The interest, to exclude a witness, must be a fixed, legal, interest. A bare possibility that an action may be brought will not disqualify a witness. 1 Swift's Dig. 740. 10 Johns. R. 21. 2 Stark. Ev. 743. Leach, 154. 2 St. Tr. 334. 8 Eng. C. L. Rep. 314. Doug. 134. 1 P. Wms. 287. 7 Mass. R. 25. 11 do. 242. 5 Johns. R. 256. 2 Stark. Ev. 744, 5, 6-7.

Killam was not deputy jailer within the statute. If he acted as the sheriff's servant, and in good faith, he is not liable.

The opinion of the court was delivered by

REDFIELD, J.—This case contains two points; 1, whether the bond was correctly admitted in evidence under the second and third counts in the declaration, wherein it is alleged to have been dated in 1824 and delivered in 1834, which is admitted to have been the fact. There could then be no objection to its admission on the ground of variance. And the bond, although ante-dated, if actually executed subsequently to the commitment, would still be valid and binding for the purposes for which it was taken.

It is questionable whether there was any necessity, or indeed any good reason, in the present case, to state the date of the bond, but, if stated, it must be stated as it appears upon the writing, it being a part of the description of the instrument. If the declaration had only contained the allegation, that the defendants, on a certain day, (being the day of execution and not of date) made, executed and delivered their certain writing, without stating the date of the writing, it would have been good. It is not important to the validity of any written contract, that it should contain a date, and if it be dated, it is wholly immaterial, in declaring upon it, whether it be described by its date or other particulars; but whatever particulars are referred to, for the purpose of identifying the instrument, must be truly stated. *Broughton* v. *Fullers*, 9 Vt. R. 373.

The second point raised in this case is almost identical with that decided in the case of *Dean* v. *Swift et al.*, 11 Vt. R. 341. If it appeared, from the present case, that the witness had been duly appointed deputy jailer, for the year, although no bonds had been given for the faithful discharge

LAMOILLE,
August,
1839.

Clark
v.
Kidder &
Isaacs.

of the duties of the office, the question might merit a different consideration; but the case is not so stated. The witness was *acting* as deputy-jailer, for any thing that appears, without appointment and for a temporary purpose, and as the mere servant and for the convenience of the sheriff, the latter taking the fees.

Judgment affirmed.